U.S. STEEL GROUP—A UNIT OF USX CORP., AND BETHLEHEM STEEL CORP., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND AG DER DILLINGER HÜTTENWERKE, DEFENDANT-INTERVENOR

Consolidated Court No. 97–05–00866

(Dated November 6, 1998)

*Dewey Ballantine LLP, (Michael H. Stein, Bradford L. Ward,* and *Jennifer Danner Riccardi)* for plaintiffs.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, *Delfa Castillo,* Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Erin Powell), Bernd G. Janzen,* Attorney-Adviser, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*LeBoeuf, Lamb, Greene & MacRae, L.L.P., (Pierre F. de Ravel d'Esclapon, Mary Patricia Michel,* and *William C. Sjoberg)* for defendant-intervenor.

## OPINION

Restani, *Judge:* This antidumping duty matter is before the court following remand in *U.S. Steel Group, et al. v. United States,* Slip Op. 98–96, No. 97–05–00866, 1998 WL 417411 (Ct. Int'l Trade July 7, 1998) *("U.S. Steel").* Petitioners challenge the remand results with regard to the deductions of commissions in calculating constructed export price ("CEP").[1]

Section 1677a(d)(1)(A) of Title 19 requires a deduction for "commissions for selling the subject merchandise in the United States." 19 U.S.C. § 1677a(d)(1)(A)(1994). The Respondent before the Commerce Department ("Commerce") requested that the court order Commerce to eliminate the commission deduction simply because it was paid to a related party and was not found to be at arm's length. *U.S. Steel,* Slip Op. 98–96, at 9, 1998 WL 417411, at *4. The government, on the other hand, requested a remand because it believed that it might have deducted the

---

[1] Recalculation of profit for CEP purposes on remand is not challenged.

actual expenses in calculating CEP, as well as commissions compensating the related parties for the same expenses. *Id.* at 37, 1998 WL 417411, at *14. Because the statute does not distinguish on the basis of mere relatedness, and because the government did not request (or support) a request for remand on that basis alone, the court granted a more limited remand. It permitted elimination of the commission deduction if (1) the expense did not exist, or (2) the expense represented by the deduction was otherwise accounted for. *Id.* at 38, 1998 WL 417411, at *14.

In preparing the draft remand results Commerce followed the court's directions exactly. It found that two commission payments existed. *Draft Results of Redetermination Pursuant to Court Remand, U.S. Steel v. United States, Slip Op. 98–96 (July 7, 1998), ("Draft Results"),* at 4. These payments were made to related parties in connection with the U.S. sales which form the basis for the CEP calculations. One was from the manufacturer, AG der Dillinger Hüttenwerke ("Dillinger"), to French affiliate, Daval SA ("Daval"), and another was from Daval to U.S. affiliate, Francosteel Corporation ("Francosteel"). *Id.* The commission from Daval to Francosteel duplicated an actual indirect selling expense which was also deducted from CEP. *Id.* Commerce eliminated the duplicative commission deduction. *Id.* at 5.

In commenting on the draft remand results, Dillinger requested that the entire commission expense be eliminated. *Final Results of Redetermination Pursuant to Court Remand, U.S. Steel v. United States, Slip Op. 98–96 (July 7, 1998), ("Remand Determination")* at 6. Commerce agreed. It stated that it only deducts from CEP expenses associated with commercial activity *in the United States* that relate to resale to an unaffiliated purchaser. *Remand Determination* at 8 (emphasis added). As far as the court is able to determine from the *Remand Determination* and government counsel's explanation of them, the reason for the elimination of the Dillinger-Daval commission deduction is not duplicativeness, but rather because the expense was incurred in the home market (although it is associated with the U.S. sale).

This may or may not be a proper practice under the statute, under Commerce's new regulations, and in comparison to the methodology used for normal value in this case. The court, however, will not decide this issue because it was not raised prior to remand. The location of the commission expense (however that is determined) was not a distinction which any party asked the court to address prior to remand. There may be several acceptable ways to calculate CEP with respect to commissions. The only *error* revealed to the court prior to remand was the error of double-counting.

As the court has opined numerous times, finality is an important goal established by Congress in these matters. *See e.g. Wheatland Tube Co. v. United States*, 973 F. Supp. 149, 158 (Ct. Int'l Trade 1997) (underscoring the importance of finality in antidumping determinations). Furthermore, judicial economy and fairness to the parties require that all relevant arguments and explanations be presented the *first* time a matter is

before the court. It is too late for Commerce or Dillinger to raise new arguments. Further, it is unclear that Commerce's original decision in regard to the Dillinger-Daval commission deduction was in error at the time it was made, even if the decision differs from an acceptable current practice.

Accordingly, Commerce is directed to issue the portion of the draft remand results related to the CEP commission deduction in its final remand determination.